# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

# DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 59686-5-II |
| Respondent, | |
| v. | |
| JEFFREY SCOTT NELSON, | UNPUBLISHED OPINION |
| Appellant. | |

VELJACIC, A.C.J. — Jeffrey S. Nelson appeals the sentences imposed following his guilty pleas to several felonies filed under four separate Pierce County Superior Court cause numbers.[1] Because the sentence at issue in this case falls within the standard range, it is not subject to appeal. Therefore, we affirm Nelson's sentence.

## FACTS

Nelson pleaded guilty to identity theft in the second degree, theft in the second degree, and trafficking in stolen property in the first degree in Pierce County Superior Court cause no. 23-1-02427-5. Nelson also pleaded guilty to identity theft in the first degree, forgery, and attempted theft of a motor vehicle under Pierce County Superior Court cause no. 23-1-02428-3; unlawful possession of a firearm in the first degree under Pierce County Superior Court cause no. 23-1-

---

[1] This appeal (*Nelson* IV) is linked with *State v. Nelson*, No. 59676-8-II (*Nelson* III). These matters were considered by a panel of the court on the same day. *Nelson* III and *Nelson* IV are linked with *State v. Nelson*, No. 59696-2-II (*Nelson* I) and *State v. Nelson*, No. 59706-3-II (*Nelson* II), which were considered on a different day by a different panel.

00201-8; and unlawful possession of a firearm in the first degree under Pierce County Superior Court cause no. 23-1-03307-0.

Nelson had 19 prior convictions resulting in an offender score of 9+.

The trial court sentenced Nelson in a single proceeding on all four cause numbers. Regarding this matter, cause no. 23-1-02427-5, Nelson's standard sentencing range on his longest sentence, trafficking in stolen property in the first degree, was 63-84 months. The court imposed a standard range sentence of 63 months.

Additionally, the trial court imposed 87 months on the unlawful possession of a firearm in the first degree conviction under cause no. 23-1-00201-8. The court imposed an exceptional sentence on that sentence by ordering it be served consecutively to a 63-month sentence imposed under cause no. 23-1-02428-3. The trial court entered findings of fact and conclusions of law to support its exceptional sentence of requiring the 87-month sentence under cause no. 23-1-00201-8 to run consecutive to the 63-month sentence imposed under cause no. 23-1-02428-3. The court concluded that, based on Nelson's high offender score, some of his crimes would go unpunished if the court were to sentence each offense to be served concurrently. Combining the 63-month sentence with the 87-month sentence, Nelson's total sentence was 150 months in custody.

Nelson appeals his sentence in cause no. 23-1-02427-5.

ANALYSIS

Nelson argues that the trial court erred in imposing an exceptional sentence that resulted in a sentence longer than the maximum sentence allowed on his individual offenses and that this argument is relevant to this matter because all four cases were sentenced in a single proceeding. The State responds that we need not reach this issue because Nelson received a standard range sentence under cause no. 23-1-02427-5, which is not appealable. We agree with the State.

The general rule is that a sentence within the standard sentence range for an offense cannot be appealed. RCW 9.94A.585(1); *State v. Glant*, 13 Wn. App. 2d 356, 376, 465 P.3d 382 (2020). "The rationale is that a trial court that imposes a sentence within the range set by the legislature cannot abuse its discretion as to the length of the sentence as a matter of law." *Glant*, 13 Wn. App. 2d at 376.

Here, Nelson pled guilty to identity theft in the second degree, theft in the second degree, and trafficking in stolen property in the first degree. His standard sentence range on his most serious offense, trafficking in stolen property in the first degree, was 63-84 months. The trial court imposed a 63-month sentence in cause no. 23-1-02427-5. Because Nelson received a standard range sentence, his sentence is not appealable. RCW 9.94A.585(1); *Glant*, 13 Wn. App. 2d at 376.

CONCLUSION

We affirm Nelson's sentence in cause no. 23-1-02427-5.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Veljacic, A.C.J.

We concur:

Maxa, J.

Lee, J.

3